803 F.2d 714
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
United States of America, Appellee
v.
Vincent Antonio McCall, Appellant.
 No. 86-5527.
 United States Court of Appeals, Fourth Circuit.
 Argued July 17, 1986.
Decided Oct. 7, 1986.
 
 Before WINTER, Chief Judge, and PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Sa'ad El-Amin (Sa'ad El-Amin & Associates) for Appellant. Michael A. Paulsen, Special Assistant United States Attorney (Justin W. Williams, United States Attorney; William G. Otis, Assistant United States Attorney on brief) for Appellee.
 
 PER CURIAM:
 
 2
 Vincent Antonio McCall was convicted of two counts in connection with the purchase of a gun. McCall now appeals his conviction on the ground that the prosecutor engaged in misconduct by permitting a witness to testify about a matter that the court had ordered excluded from the trial. Finding no error, we affirm.
 
 
 3
 McCall bought a semi-automatic pistol in July of 1985. In buying the gun, he was required to complete a form that asked whether he had been convicted of a crime punishable by imprisonment for more than one year. He answered "No" on the form, despite his recent conviction in Alexandria of grand larceny, which is punishable by a term of up to twenty years. McCall was then convicted of two federal charges: possessing a firearm after having been convicted of a felony, 18 U.S.C. App. Sec. 1202(a)(1), and making a false statement in connection with the acquisition of a firearm, 18 U.S.C. Sec. 922(a)(6).
 
 
 4
 One of the government witnesses was William Snow, who knew McCall and who was to testify that McCall possessed the gun. Defense counsel asked the court to keep Snow from testifying about an incident in which McCall had threatened Snow with the gun. The court instructed the prosecutor not to ask Snow about that incident.
 
 
 5
 Snow testified on direct examination without breaching the court's instructions. On cross-examination, defense counsel asked Snow whether McCall had pulled the gun from his belt. As Snow began to answer the question, counsel apparently had a change of heart and cut off Snow's reply. Counsel interrupted Snow and told him, "My question has been answered. Thank you. If the government wants to inquire, they'll ask you another question."
 
 
 6
 On redirect examination, the prosecutor asked Snow, "Could you describe whether the defendant revealed the gun to you in any way or describe how -- if he did not pull it from the holster?" Snow then started to recount the threatening incident. The prosecutor cut him off. The issue did not arise again; defense counsel did not object to the question at any time during the trial.
 
 
 7
 McCall now argues that the prosecutor deliberately elicited Snow's testimony about the incident and that, as a consequence, the conviction should be reversed. We disagree.
 
 
 8
 Nothing in the record suggests that the prosecutor intended to elicit testimony in contravention of the court's instructions. The prosecutor in fact stopped Snow from embellishing his testimony. Neither defense counsel nor the court suggested at the time that the question was improper. Moreover, the entire area of inquiry was certainly pertinent to the trial; possession of the gun was, of course, an essential element of the offenses. To the extent the proscribed subject was broached, it was, at least in part, in response to questioning initiated by defense counsel. Finally, this matter occupied only the tiniest fraction of trial time and was not otherwise called to the attention of the jury.
 
 
 9
 McCall also argues that the district court erred by declining to release him on bond pending appeal. The district court found that appellant was likely to flee, a finding not challenged here. Detention was therefore proper under 18 U.S.C. Sec. 3143(b).
 
 
 10
 The appeal brought by McCall is without merit, and the judgment of the district court is
 
 
 11
 AFFIRMED.